## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| TERESA KLINGES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 2:19-cv-00418-NT |
| | ) |
| KEVIN POMERLEAU, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON JOINT MOTION TO DISMISS BERGEN & PARKINSON, LLC**

WHEREAS, Plaintiff Teresa Klinges and Defendant Bergen & Parkinson, LLC ("**B&P**") have entered into an agreement to settle the Plaintiff's claims against B&P;

WHEREAS, as part of that settlement agreement, the Plaintiff and B&P desire to enter into a *Pierringer* release, as provided for in 14 M.R.S. §§ 156, 163;

WHEREAS, the Plaintiff agrees to not seek to recover from any remaining party any damages, in whole or in part, attributable to B&P's share of responsibility for the Plaintiff's damages, if any;

WHEREAS, upon consideration of the joint motion to dismiss B&P with prejudice and without costs, filed by the Plaintiff and B&P, together with any responses thereto, and the entire record appearing before this Court, it is hereby **ORDERED**, as follows:

1. The Joint Motion to Dismiss B&P (ECF No. 199) is **GRANTED**.

2. At trial, evidence of the settlement between the Plaintiff and B&P shall not be admissible against any remaining party.

3. The Plaintiff shall not be permitted to collect from any remaining party any damages attributable to B&P's share of responsibility, if any.

4. As provided by 14 M.R.S. § 156, B&P is entitled to be dismissed with prejudice, and all related claims for contribution that may be asserted against B&P by any remaining parties to this lawsuit are barred.

5. The ability of any remaining party to have the liability of B&P adjudicated, if any such liability exists, is preserved. The following shall apply:

    a. As provided in 14 M.R.S. § 156, any remaining Defendant has the right through the use of special interrogatories to request the jury to determine the percentage of fault contributed by each Defendant, if any, including B&P.

    b. As provided in 14 M.R.S. § 156, any remaining party may conduct discovery against B&P and invoke evidentiary rules at trial as if B&P were still a party.

    c. As provided in 14 M.R.S. § 156, in apportioning responsibility for claims that are the subject of the settlement agreement between the Plaintiff and B&P and are presented at trial, a finding on the issue of B&P's liability binds all parties to this suit, but such a finding shall have no binding effect in other actions relating to any other damages claims.

    d. As provided in 14 M.R.S. § 163, the Court shall reduce any judgment obtained by the Plaintiff by either the amount determined at trial to

       be attributable to B&P's share of responsibility, if any was found, or if no such finding is made, then by the value of the consideration given to the Plaintiff by B&P for the settlement.

6. No costs are assessed against B&P.

SO ORDERED.

                                                   /s/ Nancy Torresen  
                                                   United States District Judge

Dated this 17th day of March, 2023.